UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Keith J. Galvin

   v.                                         Civil No. 09-cv-104-PB

William Pepe, et al.

**O R D E R**

Before the court is defendants' Motion to Quash Notice of Deposition and Associated Subpoena to Arbella Insurance Group (document no. 22), filed pursuant to Fed. R. Civ. P. 45(c)(3)(A). Defendants' insurer, Arbella Mutual Insurance Company ("Arbella"), a non-party in this action, has also filed a Motion to Quash Subpoena pursuant to Rule 45(c)(3)(A) (document no. 23). These motions have been referred to me for decision. See 28 U.S.C. § 636(b)(1)(A). For the reasons explained herein, the motions are granted in part and denied in part.

Background

This is a diversity action wherein the plaintiff asserts claims of negligence against the defendants arising out of a November 25, 2008, motor vehicle accident in Windham, New Hampshire. Plaintiff alleges that he was stopped in his car at an intersection waiting to make a left turn when a truck,

operated by defendant William Pepe, hit plaintiff's car from behind.  Plaintiff suffered severe injuries from the accident and was transported by ambulance to the hospital.  At some point after the accident, plaintiff's car was towed to a lot in Derry.

A Windham Police Department ("WPD") report indicates that, shortly after the accident, defendant Pepe stated that "all of a sudden he saw a vehicle with no rear lights stopped in his lane of traffic" and he "did not have time to react and his vehicle collided with the vehicle in front of him" (document no. 24-1). On November 25, 2008, an officer from the WPD inspected plaintiff's car.  The WPD officer concluded, inter alia, that a light "above the bed" on the plaintiff's car was still functional despite the extensive damage to the rear of the car from the accident.

On December 3, 2008, the plaintiff's expert inspected the car.  See Document no. 24-5.  As part of her inspection, plaintiff's expert removed and preserved bulbs which were hanging on the back of plaintiff's car.  She concluded that the bulbs were fragile and could be destroyed or damaged in the Derry lot. Subsequent testing of those bulbs, according to plaintiff, revealed that they were, in fact, illuminated at the time of the collision.

According to plaintiff, the defendants have asserted, <u>inter alia</u>, a "spoliation" defense, and intend to cast negative inferences on the fact that plaintiff's expert removed the bulbs from the car. Additionally, plaintiff asserts that the defendants' "spoliation" defense encompasses various other activities of plaintiff's wife and friends who apparently removed items from the car while it was on the Derry salvage lot.

On or about April 6, 2010, plaintiff served defendants with a Notice of Deposition for Arbella (document no. 22-1) and a Subpoena for Arabella to testify and produce records (document no. 22-2) ("Subpoena"). The Subpoena commanded that Arabella testify as to the following matters:

1. The date upon which the deponent received notice of the accident which is the subject of the Complaint;

2. The manner in which the deponent received notice of the accident which is the subject of the Complaint;

3. All actions taken by the deponent relating to investigation of the accident which is the subject of the Complaint or an underlying claim arising from the accident, in the thirty-five days following receipt of notice of the accident which is the subject of the Complaint;

4. All information in the possession of the deponent during the 35 days following the accident which is the subject of this Complaint related to the location, custodian and/or condition of the Plaintiff's vehicle which was involved in the accident;

>    5. The deponent's policies, procedures or training materials involving the investigation of the motor vehicle accidents and/or claims related to motor vehicle accidents.

The Subpoena commanded Arbella to bring to the deposition the following documents:

>    1. A complete copy of the deponent's claim file or the like related to the accident which is the subject of the Complaint and which was in existence during the 35 days after the accident including but not limited to any notice of claim, running notes, investigative notes, photographs, reports, correspondence, email and any other document related [to] the accident which is the subject of the Complaint.
>
>    2. The deponent's policies, procedures or training materials involving the investigation of motor vehicle accidents and/or claims related to motor vehicle accidents.

## Discussion

Defendants contend that the subpoena requests documents that were prepared in anticipation of litigation and so are protected from disclosure under Fed. R. Civ. P. 26(b)(3)(A), which protects a party's "work product" from discovery. Plaintiff counters that the requested documents were not prepared in anticipation of litigation but rather in the normal course of Arbella's business of investigating and determining claims, and thus the material is not protected from discovery. Alternatively, plaintiff contends it has a "substantial need" for the requested materials which

4

overcomes the protection of work product provided by Fed. R. Civ. P. 26(b)(3)(A). See Fed. R. Civ. P. 26(b)(3)(ii).

Federal courts apply federal law when addressing the work product doctrine, even in diversity cases. See, e.g., In re Prof'ls Direct Ins. Co., 578 F.3d 432, 438 (6th Cir. 2009) (work-product doctrine is a procedural rule of federal law, and thus the federal rules of civil procedure govern even in a diversity case); cf. Frechette v. Welch, 621 F.2d 11, 14 (1st Cir. 1980) (explaining that where a specific federal rule of civil procedure exists, it governs even in diversity cases).

Federal Rule of Civil Procedure 26(b)(3) provides:

(A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

   (i)  they are otherwise discoverable under Rule 26(b)(1); and

   (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a

        party's attorney or other representative concerning the litigation.

  (C) Previous Statement. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter.  If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

     (i)  a written statement that the person has signed or otherwise adopted or approved; or

     (ii) a contemporaneous stenographic, mechanical, electrical, or other recording - or a transcription of it - that recites substantially verbatim the person's oral statement.

The primary issue here is whether the requested material was "prepared in anticipation of litigation" and thus constitutes work product.  The opposing party bears the burden of establishing that the requested material is work product.  <u>S.D. Warren Co. v. E. Elec. Corp.</u>, 201 F.R.D. 280, 282 (D. Me. 2001). The test is "'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'"  <u>S.D. Warren</u>, 201 F.R.D. at 282 (quoting <u>Simon v. G.D. Searle & Co.</u>, 816 F.2d 397, 401 (8th Cir 1987).

The law with respect to the discoverability of insurance claim files in connection with third party accident claims is unsettled. Courts have utilized one of three tests in applying Rule 26(b)(3) in this context. See 6 James W. Moore, Moore's Federal Practice § 26.70[3][c], at 26-448 (3rd Ed. 2009). One line of cases holds that, with respect to third party claims, a claim file is conclusively presumed to have been made in the regular course of the insurer's business, and not in anticipation of litigation, unless the file or report had been requested by or prepared for an attorney. See id. at 26-450. A second line of cases takes the opposite view and holds that any document prepared by an insurer in response to a third party accident claim is prepared in anticipation of litigation. See id. The third approach, which is utilized by the majority of federal courts, holds that the question is fact-specific, and the insurance company must meet its burden of proof under Rule 26(b)(3). See id. at 26-450. As explained by one court:

> [U]nless and until an insurance company can demonstrate that it reasonably considered a claim to be more likely than not headed for litigation, the natural inference is that the documents in its claims file that predate this realization were prepared in the ordinary course of business, i.e., the business of providing insurance coverage to insureds. This approach realistically recognizes that at some point an insurance company shifts its activity from the ordinary course of

7

business to the anticipation of litigation, and no hard and fast rule governs when this change occurs.

S.D. Warren, 201 F.R.D. at 285 (internal quotation and citation omitted); see also Amica Mut. Ins. Co. v. W.C. Bradley Co., 217 F.R.D. 79, 83 (D. Mass. 2003) ("Coverage investigations by insurance companies are not per se conducted in anticipation of litigation, and a determination . . . should be made on a case-by-case basis."). I find the majority approach to be the most reasonable and, therefore, apply it in this case.

Plaintiff seeks discovery of the contents of the claims file in existence thirty-five days following Arbella's receipt of notice of the accident. See Document no. 22-1 (Ex. A, Dep. Topics & Ex. B, Doc. Category 2, 1-4)[1]. Defendants and Arbella assert that this material was prepared in anticipation of litigation, as demonstrated by the following verified facts:

- Arbella received notice that a vehicle owned and operated by its insureds had "rear-ended a vehicle the plaintiff operated." See Document no. 23-1 (Aff. of Christopher Sergio).

- Within eight days of the accident, "plaintiff's counsel informed Arbella that the plaintiff had suffered three

---

[1] With respect to plaintiff's request for information about Arbella's training policies and records, see document no. 22-1, Ex. A, Dep. Topic 5, Arbella does not contend that the requested material is shielded by the work product doctrine, but rather, that the material is irrelevant and production would be overly burdensome. This argument is separately addressed below.

8

fractures in his neck and had a burst intravertebral disc." See id.

The documents at issue, which are listed in the affidavit of Christopher Sergio, attached to Arbella's motion to quash (doc. no. 23-1), appear to be the type of documents that might aid an insurance company in the event that a claim were to ripen into litigation at some future date. The documents also appear, however, to have been created in the ordinary course of business, irrespective of the possibility of litigation.

Sergio's affidavit describes the items in the requested claims file as follows: the amount of insurance coverage available and the reserves Arbella set; the identity of plaintiff's insurance company; internal communications among Arbella personnel regarding the accident; a request for an appraisal of the insured's vehicle; summaries of witness statements; summaries of conversations with plaintiff's insurance company; communications between Arbella and plaintiff's counsel regarding the accident; summaries of discussions between Arbella and a repair facility about the vehicles; a police report; and some of plaintiff's medical records. See Document No. 23-1.

I find that Arbella has not presented facts sufficient to meet its burden of showing the documents are work product, as it has not demonstrated that the materials in question were

specifically created in anticipation of litigation. The nature of the accident (insured rear-ended claimant's car) and the claimant's injuries (serious neck fractures) are relevant to the determination, but they do not address whether Arbella reasonably considered that the claim was more likely than not headed to litigation during the relevant time period. Cf. Milder v. Farm Family Cas. Ins. Co., 2008 WL 4671003, at *2 (D.R.I. 2008) (size of claim and insured's past litigation history insufficient to meet insurance company burden); S.D. Warren, 201 F.R.D. at 285 (size of claim and timing of document creation insufficient to meet insurance company's burden); Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24, 26-27 (D. Mass. 1987) (timing of insurer's investigation and the facts of the accident insufficient to meet insurance company burden).

While I find that Arbella has not met its burden to show that the material is work product, I find that any information regarding reserves Arbella had set to be irrelevant to plaintiff's claim and not subject to disclosure. For this reason, defendants' and Arbella's motions to quash (document nos. 22 & 23) are granted to the extent that they relate to the information in the claims file regarding reserves and are otherwise denied.

With respect to the plaintiff's request to discover Arbella's training policies and records, defendants appear to be arguing that the records are irrelevant and production would be overly burdensome.  I find that the records are relevant to the extent that they may cast doubt on defendants' spoliation defense.  Plaintiff's request as currently written, however, is overly broad.  See Document no. 22-1, Ex. A, Dep. Topic 5; Ex. B, Doc. Request 2.  Accordingly, I order defendants to disclose only that portion of Arbella's policies, procedures or training materials that relate to the inspection and preservation of evidence in cases involving motor vehicle accidents.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

July 8, 2010

cc:  Laurence B. Cote, Esq.
     Thomas J. Fay, Esq.
     Elsabeth D. Foster, Esq.
     Peter J. Perroni, Esq.
     Andrew Ranks, Esq.