### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

Keith J. Galvin

     v.                           Civil No. 09-cv-104-PB

William Pepe et al.

### O R D E R

Before the Court is Defendants' motion to compel the
production of electronic correspondence to or from Kerry Alvino
(doc. no. 27), filed pursuant to Fed. R. Civ. P. 37, concerning
information that Defendants assert is discoverable under Fed. R.
Civ. P. 26(a).  Alvino is a witness expected to testify as an
expert.  Plaintiff has filed a memorandum (doc. no. 29) in
opposition to the motion, asserting that the correspondence at
issue is work product, privileged under Fed. R. Civ. P. 26(b)(3),
and not subject to the disclosure requirements of Fed. R. Civ. P.
26(a).  Plaintiff submitted copies of those documents for *in
camera* inspection in response to the Order dated August 2, 2010.
For reasons set forth below, the motion to compel (doc. no. 27)
is granted.

### Background

This is a diversity action concerning a car accident that
occurred in Windham, New Hampshire, in the evening of November
25, 2008, when a truck driven by Defendant William Pepe struck

Plaintiff's vehicle from behind while Plaintiff was waiting to make a left turn.  An ambulance brought Plaintiff to the hospital after the accident, and his vehicle was towed away.  Plaintiff, who suffered injuries, filed this action against Defendants, seeking damages on claims of negligence.

An issue in the case is whether the brake lights or tail lights on Plaintiff's vehicle were illuminated at the time of the accident.  At trial, Plaintiff intends to offer the opinion of Kerry Alvino, a Massachusetts State Trooper, on this issue. Alvino inspected Plaintiff's vehicle at the tow yard, handled the brake lights, and removed them from the vehicle.  Alvino is expected to testify that the left rear brake and tail lights were lit at the time of impact.

Plaintiff identified Alvino as an expert and, citing Fed. R. Civ. P. 26(a)(2), provided Defendants with a detailed written report of her opinions and the bases and reasons for those opinions.  The report includes, among other things, a list of nineteen items identified as "data or other information" considered by Alvino in forming her opinions, as well as a list of exhibits supporting her opinions.  Those lists do not include

2

any electronic correspondence.  <u>See</u> Ex. 8 to Defs' Mot. (doc. no. 27-8).

Defendants deposed Alvino on March 12, 2010, and subpoenaed certain documents from her to be produced at the deposition. Among other things, Defendants requested, "Any e-mail sent or received relative to this matter, including any e-mail to a party, an attorney for a party or any non-party, regarding the subject investigation or opinions, or the incident, or any conduct following the incident."  Ex. 1 to Defs' Mot. (doc. no. 27-1).  During the deposition, Alvino testified that she received information regarding the case via email.  <u>See</u> Ex. 2 to Defs' Mot. (doc. no. 27-2) at *27.  Alvino brought a hard copy of at least two emails exchanged between herself and Plaintiff's counsel to the deposition, but counsel objected to their production on the basis that they included work product.  Ex. 2 to Defs' Mot. (doc. no. 27-2) at *12-*16.  Defendants renewed their document production request after the deposition. Plaintiff has maintained that the emails are privileged and not subject to production.

3

Defendants filed the instant motion (doc. no. 27) thereafter.  The relief requested is an order compelling production of the emails and allowing further discovery of Alvino's opinions up to the time of trial.  In the alternative, Defendants seek to preclude Alvino from testifying.

Plaintiff has provided this court with copies of twelve emails in Alvino's possession, as to which Plaintiff claims work product protection, six from Alvino to Plaintiff's counsel and six from counsel to her.  <u>See</u> Plf's Mem. in Opp. (doc. no. 29) at 2 (identifying emails).  In connection with this submission, Plaintiff's counsel represents that Alvino has custody of no other emails within the scope of the subpoena request.

<u>Discussion</u>

Defendants contend that Fed. R. Civ. P. 26(a)(2)(B) required these emails to be produced as part of the written report prepared in connection with Plaintiff's disclosure of Alvino as a testifying expert, and that they have been prejudiced by their inability to cross-examine Alvino effectively regarding all of the bases of her opinion and her handling of the evidence. Plaintiff challenges that claim of prejudice, and asserts that

4

the emails are subject to work product protection under Fed. R.
Civ. P. 26(b)(3)(A), not overcome by any showing of substantial
need, see Fed. R. Civ. P. 26(b)(3)(A)(ii).  Plaintiff further
contends that the emails sent from Alvino to counsel were
prepared by her and cannot be construed as information that she
"considered" in forming her opinions.

A.    Work Product

        Fed. R. Civ. P. 26(b)(3) codifies the work product doctrine,
first developed by the Supreme Court in Hickman v. Taylor, 329
U.S. 495, 510-11 (1947).  Documents prepared in anticipation of
litigation may be discoverable only upon a showing of substantial
need of the materials and inability, without undue hardship, to
obtain their substantial equivalent elsewhere.  United States v.
Adlman, 134 F.3d 1194, 1197 (2d Cir. 1998) (citing Fed. R. Civ.
P. 26(b)(3)).  Rule 26(b)(3) further provides that even where
this showing has been made, the court "must protect against
disclosure of the mental impressions, conclusions, opinions, or
legal theories of a party's attorney or other representative
concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).  Such
extra protection is afforded to "opinion" work product;

"ordinary" work product is afforded the lesser protection authorized by Fed. R. Civ. P. 26(b)(3)(A).  See In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1014 (1st Cir. 1988); see also Upjohn Co. v. United States, 449 U.S. 383, 402 (1981) (discovery of opinion work product requires "far stronger showing of necessity and unavailability by other means").

The purpose of work product protection is to "preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." Adlman, 134 F.3d at 1196 (quoting Hickman, 329 U.S. at 510-11).  The Hickman Court reasoned that if work product were discoverable, legal advice might be "marred by '[i]nefficiency, unfairness and sharp practices,' and the 'effect on the legal profession would be demoralizing.'" Adlman, 134 F.3d at 1197 (quoting Hickman, 329 U.S. at 511).

Rule 26(b)(4) authorizes depositions of witnesses retained as testifying experts.  See Fed. R. Civ. P. 26(b)(4).  Documents prepared by testifying experts, without counsel's input, are not work product protected by Rule 26(b)(3).  See South Yuba River Citizens League v. Nat'l Marine Fisheries Serv., 257 F.R.D. 607,

615 (E.D. Cal. 2009) (draft reports prepared by expert are not work product protected by Rule 26(b)(3)).  The advisory committee notes relating to Rule 26(b) clarify that the rule does not shield the expert's documents from discovery.  <u>See</u> Advisory Committee Notes to 1970 amendments to Fed. R. Civ. P. 26(b) (provisions of 26(b)(4) "reject as ill-considered the decisions which have sought to bring expert information within the work-product doctrine" (citing <u>United States v. McKay</u>, 372 F.2d 174, 176-77 (5th Cir. 1967) (rejecting attempt to extend work product protection to appraisal report prepared by expert)).

In this case, Defendants assert that <u>all</u> information considered by a testifying expert, including attorney work product, is discoverable under Rule 26(a)(2)(B).  <u>See</u> Fed. R. Civ. P. 26(a)(2)(B) (specifying contents of testifying expert's written report).  In effect, Defendants' argument is that the disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2)(B)(ii) make it unnecessary for them to show any particularized need for discovery of the documents otherwise protected by Rule 26(b)(3), if the expert considered those documents in forming her opinions.

In the interest of judicial economy, I have reviewed the emails *in camera* and provide a summary of my findings in Table 1 below.  Table 1 employs the terms "opinion" and "ordinary" to characterize the emails, to distinguish between those emails that, if disclosed, would likely reveal the mental impressions, conclusions, opinions, or legal theories of counsel, and those that would not.  See Dupont Plaza Hotel, 859 F.2d at 1015 ("level of protection [for opinion work product] is not triggered unless disclosure creates a real, nonspeculative danger of revealing the lawyer's thoughts").

The emails are listed in chronological order, with No. 1 being the oldest.  Email Nos. 1-8 are a set of emails linked in a nested chain of emails and replies, with Email No. 8 being the last (most recent) email in the chain.  Emails 9, 10, and 11 were similarly linked together in a chain, with No. 9 being the original (oldest) in the chain.  Therefore, when each email is construed to include all of the correspondence forwarded along in the chain of emails, only Email Nos. 2 and 9, consisting of original messages from Alvino to counsel, are devoid of work product protected by Rule 26(b)(3).  See South Yuba River, 257

8

F.R.D. at 615 (draft reports prepared by expert without counsel's input are not work product protected by Rule 26(b)(3)).

**Table 1:  Evaluation of Emails**

| Email ID | From | To | Date (Time) | Type of Work Product* |
|:---:|:---:|:---:|:---:|:---:|
| 1 | Counsel | Alvino | 12/1/08 | ordinary |
| 2 | Alvino | Counsel | 12/2/08 | none |
| 3 | Counsel | Alvino | 12/2/08 | opinion and ordinary |
| 4 | Alvino | Counsel | 12/3/08 | none |
| 5 | Alvino | Counsel | 12/8/08 (7:48 a.m.) | none |
| 6 | Counsel | Alvino | 12/8/08 (9:49 a.m.) | opinion and ordinary |
| 7 | Alvino | Counsel | 12/8/08 (9:54 a.m.) | none |
| 8 | Counsel | Alvino | 12/8/08 (12:26 p.m.) | ordinary |
| 9 | Alvino | Counsel | 12/8/08 (1:18 p.m.) | none |
| 10 | Counsel | Alvino | 12/11/08 (12:52 p.m.) | ordinary |
| 11 | Alvino | Counsel | 12/11/08 | none |
| 12 | Counsel | Alvino | 12/11/08 (2:02 p.m.) | ordinary |

*The column marked "Type of Work Product" characterizes only the text drafted by the author listed, and does not address whether any of the earlier emails that might be appended to that text in the chain contain work product.

In summary, all emails from counsel to Alvino constitute work product, and some include opinion work product.  None of the emails prepared by Alvino are subject to work product protection, except insofar as they reproduce as attachments the earlier emails from counsel to Alvino.

B.   Written Report Requirement

Rule 26(a)(2) requires parties to disclose the identity of testifying experts, and mandates that a written report accompany each party's disclosures.  The written report must contain, among other things, "the data or other information considered by the witness in forming" his or her opinions.  Fed. R. Civ. P. 26(a)(2)(B)(ii).

Whether this rule requires the disclosure of documents that include the attorney's mental impressions, conclusions, and legal theories, is an issue on which commentators (and courts) have disagreed.  See Suskind v. Home Depot Corp., 2001 WL 92183, *1 (D. Mass. Jan. 2, 2001) (citing conflicting authorities).  The majority rule, applied by each court of appeals to have considered the issue since the 1993 amendments to Rule 26 became effective, is a "bright line" rule, consistent with Defendants'

position here:  all documents considered by the testifying expert
in forming his or her opinion, including attorney work product,
are discoverable.  See South Yuba River, 257 F.R.D. at 612 & n.4
(citing cases on point from Fourth, Sixth, and Federal Circuit,
and distinguishing as inapposite two Third Circuit cases, In re
Cendant Corp. Sec. Litig., 343 F.3d 658 (3d Cir. 2003), and
Bogosian v. Gulf Oil Corp., 738 F.2d 587 (3d Cir. 1984)); see
also Synthes Spine Co. v. Walden, 232 F.R.D. 460, 463-64 (E.D.
Pa. 2005) (citing cases).  A minority of courts have found that
Rule 26(a) authorizes the disclosure of ordinary, non-opinion
work product, including facts disclosed to the expert, but does
not generally authorize discovery of counsel's mental
impressions, conclusions, or legal theories.  See, e.g.,
Teleglobe USA, Inc. v. BCF, Inc. (In re Teleglobe Communs.
Corp.), 392 B.R. 561, 575 (Bankr. D. Del. 2008) (collecting
cases).

     The First Circuit has not ruled on this issue, and courts
within the Circuit have reached different results.  Compare
Suskind, 2001 WL 92183, at *1 (adopting majority rule) with
Nexxus Prods. Co. v. CVS New York, Inc., 188 F.R.D. 7, 11 (D.

11

Mass. 1999) (core attorney "opinion work product" furnished to expert is protected from mandatory disclosure).  Notably, however, the First Circuit has recognized that, "in the arena of expert discovery – a setting which often involves complex factual inquiries – Rule 26 increases the quality of trials by better preparing attorneys for cross-examination." Pena-Crespo v. Puerto Rico, 408 F.3d 10, 13 (1st Cir. 2005) (internal quotation marks and alterations omitted).  Written reports that do not contain all of the information required under Rule 26(a)(2)(B) undermine counsel's ability to prepare for trial.  See id.  Thus, by mandating full disclosure of all information considered by the expert, the majority rule is consistent with First Circuit precedent.

The plain, unqualified language of Rule 26(a)(2)(B) (requiring disclosure of "information" considered by the witness) construed in light of the drafters' intent and the background against which the amendments were adopted, supports the majority's bright line rule.  See Synthes, 232 F.R.D. at 462-64. The advisory committee notes for the 1993 amendments indicate that claims of privilege may be overborne by the disclosure

12

requirements for testifying experts:

> The [written] report is to disclose the data and other
> information considered by the expert and any exhibits or
> charts that summarize or support the expert's opinions.
> Given this obligation of disclosure, litigants should no
> longer be able to argue that materials furnished to their
> experts to be used in forming their opinions -- whether or
> not ultimately relied upon by the expert -- are privileged
> or otherwise protected from discovery when such persons are
> testifying or being deposed.

Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P.
26(a)(2)(B).

Courts adopting the bright line rule have reasoned that
providing privileged material to the expert for him or her to
consider in formulating an opinion effects a waiver of the work
product privilege, by putting otherwise privileged material at
issue in the case.  See Synthes, 232 F.R.D. at 463; see generally
United States v. Nobles, 422 U.S. 225, 239 (1975) (counsel's
attempt to make testimonial use of work product waived
privilege); 8 Charles A. Wright, Arthur R. Miller & Richard L.
Marcus, Federal Practice and Procedure § 2024, at 532 (3d ed.
2010) (disclosure of attorney work product should waive privilege
if disclosure is inconsistent with maintenance of secrecy from
disclosing party's adversary).  The policies served by the bright

line rule include "the facilitation of effective cross-
examination and the resolution of uncertainty as to the
discoverability of documentation divulged to a testifying
expert."  Synthes, 232 F.R.D. at 464 (citing Musselman v.
Phillips, 176 F.R.D. 194, 198 (D. Md. 1997) (outlining policy
considerations)).  Furthermore, Rule 26(a)(2)(B)(ii) may be
harmonized with the work product doctrine, as to ordinary work
product, in that the disclosure requirement "reflects a
categorical determination that in the context of information
considered by a testifying expert, the opposing party will have a
substantial need of this information, and . . . this information
will not be available from an alternative source, because the
issue is not only the content of the information, but whether the
expert considered it."  South Yuba River, 257 F.R.D. at 613.  The
rule may also be said to embody a similar categorical
determination as to the discoverability of opinion work product.
See id.  These rationales in favor of full disclosure are
persuasive, and they rest on "sound policy judgments."  See
Suskind, 2001 WL 92183, at *6 (citing cases and authorities).

    The justifications offered in support of the minority rule

14

include those effectively repudiated in <u>South Yuba River</u>, 257 F.R.D. at 612-14.  I will not repeat that analysis here, except as necessary to respond to Plaintiff's arguments.  In particular, citing a case applying the minority rule, <u>Haworth, Inc. v. Herman Miller, Inc.</u>, 162 F.R.D. 289, 295-96 (W.D. Mich. 1995), Plaintiff contends that disclosure of opinion work product is unnecessary; the risk that counsel has influenced the expert and the reasonableness of the expert's opinion are always susceptible to scrutiny in the adversary system.  As explained in <u>South Yuba River</u>, 257 F.R.D. at 613, however, the extent to which a lawyer participated in the preparation of the expert report may affect the weight the jury would accord to the opinion, and cross-examination on that issue would be hampered if the opposing party could not have access to all information considered by the expert.  <u>See</u> <u>id.</u> (citing <u>Elm Grove Coal Co. v. Dir., Office of Worker's Comp. Progs.</u>, 480 F.3d 278, 301 n.23 (4th Cir. 2007)).

C.   <u>2010 Rule Amendments</u>

Additionally, Plaintiff cites the proposed 2010 amendments to Rule 26(a) as authority for rejecting the majority rule.  Proposed Rule 26(a)(2)(B)(ii) differs from the current rule by

stating that "facts or data" considered by the witness must be disclosed.  That revision differs from the current form of the rule, which requires discovery of "data or other information." Proposed Rule 26(b)(4)(A) explicitly extends work product protection to cover draft expert reports.  Proposed Rule 26(b)(4)(C) provides similar work product protection for communications between experts and attorneys, except those that identify facts or data provided by counsel and considered by the witness, or those that identify assumptions provided by counsel and relied on by the witness, in forming his or her opinions.

    The committee notes accompanying the proposed rules confirm that the changes to Rule 26(a)(2) and 26(b)(4) were intended to be complementary.  Those notes also indicate that the proposed rules are intended to alter Rule 26(a) in those jurisdictions following the majority's bright line rule.  <u>See</u> Advisory Comm. Notes to Proposed 2010 Amendments to Rule 26 ("amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports").

16

Nothing in the proposed changes to the rule or in the advisory notes addresses the issue of the proper construction of the 1993 form of Rule 26(a) that is before me now.  The advisory committee notes on the 2010 proposed rules indicate that the changes proposed for Rule 26(b)(4) and Rule 26(a)(2)(B)(ii) "rest not on high theory but on the realities of actual experience." The proposed changes were made in light of experience showing that the benefits of full disclosure do not outweigh the costs. See id. ("routine discovery into attorney-expert communications and draft reports has had undesirable effects" including rising costs and less effective attorney-expert interactions).  Whatever weight that statement of intent might have on courts interpreting the proposed rules in the future, if they become effective, it has little bearing on my interpretation of the existing form of Rule 26.  Cf. South Yuba River, 257 F.R.D. at 614 ("the fact that the majority rule on work product protection potentially increases the cost of litigation cannot itself justify the minority position" on proper interpretation of current form of Rule 26).

The new rules do not apply to cases closed before their effective date and only apply to cases pending on their effective date if their applicability is just and practicable.  <u>See</u> Order (U.S. Apr. 28, 2010) (transmitting to Congress proposed 2010 rule amendments, which shall "take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending").  This case was filed more than one year ago.  The proposed rules cannot be construed to apply at this time to govern the outcome of a motion that is currently pending and ready for resolution.  Accordingly, I decline to make the proposed amendments immediately applicable to this case, in place of the well-reasoned, bright line interpretation of the current version of Rule 26 adopted by most courts.

D.   <u>Discoverability of Emails</u>

Plaintiff's remaining arguments relate to whether the emails fall within the scope of discoverable communications.  Plaintiff highlights Alvino's testimony that the emails did not "assist" her, in arguing that Defendants seek access to the emails only to obtain attorney work product.  That argument is unavailing.

18

Alvino plainly received the emails at issue before she signed the
written report, certain of the emails from counsel transmit
information relating to the case, and she acknowledged that she
requested and received emails regarding the case in her
deposition.  The expert's views on whether the documents assisted
her in forming her opinion do not control my resolution of
whether they must be disclosed as having been "considered" in
forming her opinions.  See Synthes, 232 F.R.D. at 462-63
(information "considered" includes any information that expert
"generates, reviews, reflects upon, reads, and/or uses . . .
even if such information is ultimately rejected"); see also
Advisory Comm. Notes to 1993 amendments to Rule 26 ("litigants
should no longer be able to argue that materials furnished to
their experts to be used in forming their opinions – whether or
not ultimately relied upon by the expert . . . are protected from
disclosure").

Plaintiff argues that the emails from Alvino to counsel
cannot be construed as information within the scope of Rule
26(a)(2)(B)(ii) because Alvino generated them.  This argument
presumes that an expert may be deemed to have "considered" only

the information that was furnished to her.  Logically,
information relating to the case before the expert at the time
when she formed her opinions, including her own preliminary ideas
generated from her own observations and set forth in
correspondence to counsel, may be discoverable as information
that she considered in forming the opinions set forth in the
written report.  See Synthes, 232 F.R.D. at 462-63 (information
"considered" includes any information that expert "generates,
reviews, reflects upon, reads, and/or uses in connection with the
formulation of his opinions").

Alternatively, draft reports and other documents prepared by
the expert may be discoverable under Rule 26(b)(4).  Courts have
concluded that expert documents, including draft reports, are
discoverable to the extent to that they represent the expert's
work, even if they are deemed to be outside of the scope of Rule
26(a)(2)(B)(ii).  See South Yuba River, 257 F.R.D. at 615
(collecting cases).  For the foregoing reasons, I conclude that
all of the emails at issue are discoverable.

E.    <u>Costs and Fees</u>

Fed. R. Civ. P. 37(a) authorizes a court granting a motion to compel to shift the movant's reasonable expenses to the opposing party, unless the opposing party's position was substantially justified.  <u>See</u> Fed. R. Civ. P. 37(a)(5)(A)(ii). "A substantial justification is one that 'could satisfy a reasonable person.'"  <u>Pan Am. Grain Mfg. Co. v. P.R. Ports Auth.</u>, 295 F.3d 108, 117 (1st Cir. 2002) (citation omitted).  Defendants here have not requested that sanction, and it would not be appropriately levied here.  Plaintiff's opposition to the motion to compel was substantially justified, particularly given the proposed changes to Rule 26(a) that may become effective December 1, 2010.  Accordingly, each party shall bear its own costs and fees associated with the motion to compel (doc. no. 27).

Conclusion

Defendants' motion to compel production of electronic correspondence to or from Kerry Alvino (doc. no. 27) is granted. Plaintiff shall produce the subject documents to Defendants within 7 days of the date of this Order.  Defendants shall have

21

14 days thereafter to complete discovery relating to Alvino's
opinions, in connection with the documents at issue.

                    **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 5, 2010

cc:  Laurence B. Cote, Esq.
      Thomas J. Fay, Esq.
      Elsabeth D. Foster, Esq.
      Peter J. Perroni, Esq.
      Andrew Ranks, Esq.